**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4240**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

MICHAEL WAYNE ROUSE, JR.,

          Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. James C. Fox, Senior District Judge. (4:13-cr-00034-F-1)

———————

Submitted: November 21, 2014    Decided: December 16, 2014

———————

Before WILKINSON, DUNCAN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Wayne Rouse, Jr., appeals the 212-month armed career criminal sentence imposed by the district court pursuant to 18 U.S.C. § 924(e) (2012) following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Rouse contends that the district court erred in enhancing his sentence on the basis of his prior state breaking-and-entering convictions. Rouse also contends that the court erred in enhancing his sentence on the basis of facts that were not charged in the indictment or submitted to a jury, in violation of his Fifth and Sixth Amendment rights. Finding no error, we affirm.

Rouse first asserts that his armed career criminal designation was based on improper predicate felony convictions. Specifically, Rouse asserts that his breaking-and-entering convictions cannot serve as predicate felony convictions because a plea agreement limited the sentence for each conviction to one year or less in prison. We disagree.

We review "de novo the question whether a prior state conviction constitutes a predicate felony conviction for purposes of a federal sentence enhancement." United States v. Valdovinos, 760 F.3d 322, 325 (4th Cir. 2014). A state's "sentencing regime, not a plea agreement, determines whether a

2

defendant's conviction is punishable by imprisonment exceeding a year and so qualifies as a federal sentencing predicate." Id. at 326. Here, as Rouse acknowledges, the breaking-and-entering convictions carried a maximum presumptive sentence of fourteen months under North Carolina's structured sentencing regime. That a plea agreement negotiated the sentences to ten to twelve months is uncontrolling.

Second, Rouse contends that the district court violated his Fifth and Sixth Amendment rights by enhancing his sentence on the basis of prior convictions that were not alleged in the indictment, submitted to a jury, or admitted by Rouse. This claim, as Rouse acknowledges, is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 228-35 (1998). See United States v. McDowell, 745 F.3d 115, 124 (4th Cir.) (stating that "Almendarez-Torres remains good law"), petition for cert. filed, __ U.S.L.W. __ (U.S. June 16, 2014) (No. 13-10640); United States v. Graham, 711 F.3d 445, 455 (4th Cir.) ("[W]e are bound by Almendarez-Torres unless and until the Supreme Court says otherwise."), cert. denied, 134 S. Ct. 449 (2013).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED